IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**JERRY JOHNSTON,**

      **Plaintiff,**

v.                                    CASE NO. 2:04-cv-00750

**JO ANNE BARNHART,**
**Commissioner of Social Security,**

      **Defendant.**

### M E M O R A N D U M   O P I N I O N

This is an action seeking review of the decision of the Commissioner of Social Security denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. This case is presently pending before the court on Plaintiff's Motion for Summary Judgment and Defendant's Motion for Judgment on the Pleadings. Both parties have consented in writing to a decision by the United States Magistrate Judge.

Plaintiff, Jerry Lee Johnston (hereinafter referred to as "Claimant"), filed an application for DIB on January 2, 2003[1], alleging disability as of February 2, 1999, due to lower back pain and numbness and weakness in the left leg and ankle. (Tr. at 59-61, 72.) The claim was denied initially and upon reconsideration.

---

[1] Claimant had filed an earlier application for DIB, which was denied by an ALJ on September 11, 2002. (Tr. at 22-35.) Claimant did not appeal this decision further.

(Tr. at 44-47, 49-50.) On May 28, 2003, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 51.) The hearing was held on December 4, 2003, before the Honorable Jose R. Davila, Jr. (Tr. at 176-231.) By decision dated January 23, 2004, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 10-17.) The ALJ's decision became the final decision of the Commissioner on July 2, 2004, when the Appeals Council denied Claimant's request for review. (Tr. at 3-5.) On July 22, 2004, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2004). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. § 404.1520(b). If

the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  Id. § 404.1520(c).  If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.  Id. § 404.1520(d).  If it does, the claimant is found disabled and awarded benefits.  Id.  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  Id. §§ 404.1520(e).  By satisfying inquiry four, the claimant establishes a prima facie case of disability.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).  The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2004).  The Commissioner must show two things:  (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy.  McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in

3

substantial gainful activity since the alleged onset date. (Tr. at 11.) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of status-post lumbar fractures and possible lumbar radiculopathy, an affective disorder and an anxiety disorder. (Tr. at 12.) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 12-13.) The ALJ then found that Claimant has a residual functional capacity for sedentary work, reduced by nonexertional limitations. (Tr. at 14.) As a result, Claimant cannot return to his past relevant work. (Tr. at 14.) Nevertheless, the ALJ concluded that Claimant could perform jobs such as assembler, general product inspector and grader/sorter, which exist in significant numbers in the national economy. (Tr. at 15.) On this basis, benefits were denied. (Tr. at 16.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In <u>Blalock v. Richardson</u>, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Cellebreze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was for almost forty-nine years old at the time of the administrative hearing. (Tr. at 179.) Claimant graduated from high school. (Tr. at 179.) In the past, he worked in the coal mines. (Tr. at 181.)

The Medical Record

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because (1) the ALJ failed to properly evaluate Claimant's pain and credibility; and (2) the ALJ

5

failed to consider Claimant's impairments in combination. (Pl.'s Br. at 17-20.)

The Commissioner argues that (1) substantial evidence supports the ALJ's finding that Claimant can perform sedentary work; (2) the ALJ adequately considered Claimant's impairments in combination; and (3) the ALJ's pain and credibility findings are supported by substantial evidence. (Def.'s Br. at 7-13.)

<u>Pain and Credibility</u>

In his decision, the ALJ acknowledged Claimant's testimony about pain in his neck and back, which resulted from a workplace injury. He also noted Claimant's complaints of depression and anxiety and of flashbacks to the accident. The ALJ acknowledged Claimant's daily activities including driving three to four times per week, caring for his own personal needs, watching television, going shopping and cutting grass with a riding lawn mower. Claimant also testified that he could lift a gallon of milk, stand or walk for thirty minutes at a time and sit for an hour and that he uses a cane for ambulation. (Tr. at 13.)

The ALJ found Claimant's "allegations generally credible except regarding the severity of his impairments and symptoms and their effect on his functional abilities." (Tr. at 13.) In rejecting Claimant's credibility regarding his complaints of disabling pain, the ALJ relied on Claimant's daily activities which reflect an ability to perform sedentary work. In addition, the ALJ

relied on medical evidence of record indicating normal strength and reflexes with no severe neurological deficits. Medical evidence of record also indicated that medication helped control Claimant's pain with no significant side effects. (Tr. at 13.)

Regarding Claimant's mental impairments, the ALJ noted that Claimant has not required mental health treatment during the period at issue. The ALJ determined that Claimant has the functional ability to perform unskilled job tasks. (Tr. at 13.)

The ALJ ultimately determined that Claimant was capable of sedentary work. He found that Claimant could sit for six hours overall while alternating positions in an eight-hour workday. He further determined that Claimant could stand and walk for periods of two hours overall in an eight-hour workday and that he was limited to unskilled jobs involving simple, repetitive job tasks with minimal interaction with the public and co-workers and low to moderate levels of stress and frustration. (Tr. at 14.) At the administrative hearing, the vocational expert identified a significant number of jobs in response to a hypothetical question including these limitations. (Tr. at 192-93.) In addition to these limitations, the ALJ also asked the vocational expert whether Claimant would be unable to perform the jobs previously identified if he suffered from pain of a mild to moderate nature. In response, the vocational expert testified that the jobs would remain. (Tr. at 193.)

The court finds that the ALJ's pain and credibility analysis is in keeping with applicable regulations and case law and is supported by substantial evidence. 20 C.F.R. § 404.1529(b) (2004); SSR 96-7p, 1996 WL 374186 (July 2, 1996); Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). As recited above, the ALJ's decision contains a thorough consideration of Claimant's daily activities, the location, duration, frequency, and intensity of Claimant's symptoms related to his mental impairments, precipitating and aggravating factors and Claimant's medication. The ALJ's credibility analysis is well reasoned and supported by substantial evidence of record. If anything, the ALJ's decision gives Claimant the benefit of the doubt with respect to his subjective complaints of pain and mental limitations. The record does not contain additional medical evidence after February of 2003, and, as the ALJ indicated in his decision, the existing medical evidence of record related to the relevant time period (after the previous decision on September 11, 2002, through the current ALJ's decision on January 23, 2004), does not indicate disabling symptoms of pain. The ALJ's physical findings also are significantly more extreme than those found by the State agency medical sources, all of whom opined Claimant was capable of light exertional work. (Tr. at 160-67, 168-75.)

Regarding his mental limitations, Claimant received no mental health treatment during the relevant time period, and the ALJ's

limitations related to Claimant's alleged mental impairment more than account for any limitation in this area. Based on the above, the court concludes that the ALJ's pain and credibility analysis is supported by substantial evidence.

<u>Combination</u>

Finally, the court finds that the ALJ adequately considered Claimant's impairments alone and in combination. 20 C.F.R. § 404.1523 (2004). The ALJ's residual functional capacity finding and the hypothetical question to the vocational expert provide every indication that the ALJ fully complied with his duty to consider Claimant's impairments and their resulting limitations in combination. While Claimant argues that the ALJ failed to consider the combined effect of Claimant's post traumatic stress disorder and developmental learning disorder, the court disagrees. Claimant relies on evidence developed before the relevant time period. Furthermore, he ignores the fact that since September of 2002, he has received no mental health treatment. In any event, the ALJ's residual functional capacity finding adequately contemplates any mental limitations.

After a careful consideration of the evidence of record, the court finds that the Commissioner's decision is supported by substantial evidence. Accordingly, by Judgment Order entered this day, the Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Judgment on the Pleadings is GRANTED, the

final decision of the Commissioner is AFFIRMED and this matter is DISMISSED from the docket of this court.

The Clerk of this court is directed to provide copies of this Order to all counsel of record.

ENTER: September 20, 2005

/s/ Mary E. Stanley
Mary E. Stanley
United States Magistrate Judge